18-656
Garvey v. Sullivan

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand nineteen.

PRESENT:
          DENNIS JACOBS,
          PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
              Circuit Judges.
_____

MICHAEL GARVEY,

     Plaintiff–Appellant,

     -v.-                                          18-656

MICHAEL SULLIVAN, INDIVIDUALLY
AND AS CHIEF OF POLICE FOR THE
TOWN OF CLARKSTOWN, NEW YORK,
TOWN OF CLARKSTOWN, NEW YORK,

**TOWN BOARD OF THE TOWN OF CLARKSTON, ALEXANDER J. GROMACK, INDIVIDUALLY AND AS SUPERVISOR FOR THE TOWN OF CLARKSTOWN, NEW YORK,**

     <u>**Defendants-Appellees**</u>,

**JOHN AND JANE DOES 1-10, BEING PERSONS KNOWN TO THE PLAINTIFF AT THIS TIME,**

     <u>**Defendants**</u>**.**

_____

| | |
|---|---|
| **FOR MICHAEL GARVEY:** | Donald J. Feerick, Jr. (<u>with</u> Patrick Knowles and Mary E. Marzolla <u>on the brief</u>), Feerick Nugent MacCartney, PLLC, South Nyack, NY. |
| **FOR MICHAEL SULLIVAN:** | Steven C. Stern (<u>with</u> Leo Dorfman <u>on the brief</u>), Sokoloff Stern, LLP, Carle Place, NY. |

**FOR TOWN OF CLARKSTOWN, NEW YORK, TOWN BOARD OF THE TOWN OF CLARKSTOWN AND ALEXANDER J. GROMACK:**

                           John M. Flannery (<u>with</u> Eliza M. Scheibel <u>on the brief</u>), Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michael Garvey appeals from a judgment of the United States District for the Southern District of New York (Forrest, <u>J.</u>) dismissing claims against his former employer for disability discrimination under the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"), and for retaliation under the ADA and the First Amendment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 2008, Garvey injured his knee while working as a Sergeant for the Town of Clarkstown Police Department. He was placed on medical leave, and received benefits while he recuperated. Two years later, Garvey underwent a medical examination to determine if he could return to work. The doctor determined that Garvey had fully healed from his workplace injury, but that his knee remained partially impaired by a pre-existing "gouty" condition. Accordingly, the Town ordered Garvey back to work, which set off a years-long dispute as to disability benefits and reasonable accommodation. The Town ultimately concluded that Garvey could not perform all the essential functions of a Sergeant due to his pre-existing gouty knee condition, and terminated him.

The complaint alleges that the Town violated the ADA and the NYSHRL by failing to provide a reasonable accommodation and by retaliating against Garvey for his assertion of rights. The district court denied cross-motions for summary judgment. After the parties submitted motions <u>in limine</u>, but prior to the time for the plaintiff's response to the defendants' motion, the district court filed the following order:

> The Court has reviewed the parties' opening briefs for the pending motions in limine. . . . The submissions (particularly the defendants') lay out a clearer version of the facts than was previously before the Court. This has caused the Court to go back and re-review the parties' materials supporting their cross-motions for summary judgment. Having done so, the Court is convinced that it must in fact grant summary judgment for defendants.

SPA 1. The opinion that followed two weeks later explained that Garvey failed to demonstrate that a reasonable accommodation was available. The court also dismissed Garvey's federal retaliation claims, and declined to exercise supplemental jurisdiction over his state law claims.

**1.** Garvey characterizes the district court's order as the sua sponte conversion of a motion in limine to a motion for summary judgment, and argues that Federal Rule of Civil Procedure 56(f) requires the court to give the parties notice and a reasonable opportunity to respond under those circumstances. But the judge did not "convert" the motion in limine into a motion for summary judgment; she reconsidered her prior interlocutory decision denying summary judgment. See Grace v. Rosenstock, 228 F.3d 40, 51 (2d Cir. 2000) ("All interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain."). Rule 56(f) applies only when the court grants summary judgment to a nonmovant or on grounds not raised by either party in a motion. Fed. R. Civ. P. 56(f). Here, summary judgment was granted on reconsideration to a party that moved for summary judgment, on a ground asserted in that motion. Accordingly, Rule 56(f) did not require the court to give the parties further notice or opportunity to respond.

Garvey argues that he was unfairly prejudiced because the court, in granting summary judgment, considered matter advanced by the defendants in their motion in limine, prior to the plaintiff's time to respond to that motion. He argues accordingly that, while he received notice of the original motion for summary judgment, he did not have notice or an opportunity to respond to the motion as amplified by the incorporation of the motion in limine. The argument has no force in these circumstances because the district court's grant of summary judgment was in fact based exclusively on matter noticed in the summary

4

judgment motion.   While the motion in limine might have stimulated the court to rethink its denial of summary judgment, the court's ruling was based only on matter fully noticed in the motion for summary judgment.

**2.** Garvey argues that the defendants could have accommodated him by allowing him to work as a full-time Desk Sergeant.   However, Garvey cannot perform all of the essential functions of a Desk Sergeant.   See Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 100 (2d Cir. 2003) ("A reasonable accommodation can never involve the elimination of an essential function of a job.").

The essential functions for all police officers, set forth in the "Medical and Physical Fitness Standards and Procedures for Police Officer Candidates," include: breaking up fights, subduing a physically attacking person, and subduing a person resisting arrest.   Garvey admits that his disability prevents him from performing these physical tasks. Garvey's assertion that Desk Sergeants are not required to meet the same physical requirements as police officers is defeated by Garvey's admission to the contrary at his disability benefits hearing.   See JA 1880-81 ("**Q:** So is it fair to say that you [as a Sergeant] still have the physical fitness requirements of a regular cop?   **A:** Of course.").

Garvey argues that his requested accommodation is "consistent with Defendants' admitted past practices of allowing disabled sworn officers . . . to temporarily work light duty assignments until their retirements."   Appellant's Reply Br. 15.   These instances involving other officers were not comparable because those officers either retired as soon as a doctor determined they would be permanently unable to return to full duty, or were permitted to continue to work in limited roles pursuant to settlements in which each side gave up contested rights.   Garvey, by contrast, was demanding this concession as a legal entitlement.   But, even assuming that those other employees were similarly situated to Garvey, prior assignment of temporary light-duty work to other disabled employees does not constitute an admission that such light-duty work is a reasonable accommodation under the ADA.   See Graves v. Finch Pruyn & Co., 457 F.3d 181, 187 (2d Cir. 2006) ("[Plaintiff] concedes that the sedentary position he desired was created at his request . . . . Given that the ADA does not require creating a new position for [plaintiff] at all, we fail to see how it can dictate the duration of a new position that his employer created for him as a matter of grace. We hold that the ADA did not require [defendant employer] to

give [plaintiff] this new position for any longer than it did.")). Garvey was not asking for an accommodation that would allow him to perform all the essential functions of the job. He was asking to be excused from the performance of some of the essential functions of the job.

**3.** A claim by a government employee for retaliation under the First Amendment requires that the plaintiff (1) spoke "as a citizen" (2) about "matters of public concern." Connick v. Myers, 461 U.S. 138, 143 (1983). In determining whether an employee's speech is a matter of public concern, the heart of the matter is whether the employee's speech was "calculated to redress personal grievances or whether it had a broader public purpose." Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999).

The defendants argue that Garvey's statements--filing a union grievance, testifying at a disability benefits hearing, and filing a federal lawsuit--were calculated only to redress a personal harm. Garvey argues that the broader public purpose of his statements was to expose a campaign to deprive officers of their disability benefits.[1] Garvey identifies only a single paragraph in his complaint discussing this supposed campaign. See JA 44 ("At all relevant times, Defendants acted in furtherance of an ongoing and continuous policy, practice and/or campaign targeting police officers injured and disabled in the line of duty . . . ."). But the next paragraph makes clear that Garvey's lawsuit seeks redress only as to his personal harm: "As part and parcel of this campaign, Defendants unilaterally and summarily terminated Plaintiff's § 207-c benefits." JA 44. "[R]etaliation against the airing of generally personal grievances is not brought within the protection of the First Amendment by the mere fact that one or two of [a public employee's] comments could be construed broadly to implicate matters of public concern." Ruotolo v. City of New York, 514 F.3d 184, 190 (2d Cir. 2008). Any general concern for other officers experiencing similar grievances does not transform Garvey's speech into a matter of public concern. Id. at 190 ("A generalized public interest in the fair or proper treatment of public employees is not enough.").

---

[1] Garvey also asserts that he "spoke out for 18 other injured officers." Appellant's Br. 45. But the citations offered as support for that assertion relate only to the denial of physical therapy benefits to Garvey personally.

Accordingly, the district court did not err by granting summary judgment on Garvey's claim of First Amendment retaliation.

*****

We have considered the appellant's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court